UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID RINGLER, et al.,

    Plaintiffs,

v.

BISHOP WHITE MARSHALL AND WEIBEL, PS, et al.,

    Defendants.

CASE NO. C13-5020BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND

This matter comes before the Court on Defendants JPMorgan Chase Bank ("Chase"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively, "Defendants") motion to dismiss (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 11, 2012, Plaintiffs David Ringler and Melvin Patterson filed a complaint in Pierce County Superior Court against the entities who have serviced their loan, held the note, or were otherwise involved with their mortgage. Defendants timely

ORDER - 1

removed the case to this Court on January 10, 2013. Dkt. 1 at 1. Plaintiffs assert claims for: (1) slander of title; (2) breach of the covenant of good faith and fair dealing; and (3) violation of the Washington Consumer Protection Act ("CPA"). Dkt. 4 at 11-13. Defendants move for dismissal of each of these claims. Dkt. 10. Plaintiffs responded on March 29, 2013. Dkt. 13. Defendants replied on April 5, 2013. Dkt. 14.

## II. FACTUAL BACKGROUND

This dispute involves a non-judicial foreclosure of Plaintiffs' rental properties identified by the common addresses of 7302 & 7304 104th Street East, Puyallup, Washington 98371 ("Properties"). Dkt. 10 at 31. On March 06, 2008, Plaintiffs borrowed $360,000 for the purchase of the Properties. *Id*. at 25. The executed promissory note lists First Horizon Home Loans, a division of First Tennessee Bank N.A as the lender. *Id.* The note was secured by a Deed of Trust, which was filed with Pierce County on March 12, 2008, and lists MERS as the beneficiary. *Id*. at 30. The servicer of the obligation secured by the Deed of Trust was Chase. *Id.* at 52. The Deed of Trust explains that the note and corresponding Deed of Trust may be sold at any time without prior notice to Plaintiffs. *Id*. at 40, ¶ 20. Subsequently, the note was sold into a public security managed by Freddie Mac, but Chase remained servicer of the loan. *Id.* at 52.

In July 2012, MERS assigned its right as beneficiary under the Deed of Trust to Chase. Dkt. 10 at 30. Chase then appointed Bishop White Marshall & Weibel, P.S. ("Bishop") as successor trustee. *Id*. at 66. Bishop, acting as Chase's agent, sent Plaintiffs a notice of default on July 27, 2012 stating that Plaintiffs had failed to make payment

since June 1, 2011. *Id*. at 50. On October 9, 2012, Bishop executed a notice of trustee's sale, and scheduled the sale of Plaintiffs' property for January 11, 2013. *Id*. at 68.

### III. DISCUSSION

As a threshold matter, Plaintiffs assert that the Washington Civil Rules apply in conjunction with the Federal Rules of Civil Procedure. Dkt. 13 at 8. This is clearly wrong, and with minimal diligence, Plaintiffs' counsel could have discovered that Fed. R. Civ. P. 81(c) mandates that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Therefore, the Court declines Plaintiffs' invitation to apply the Washington Civil Rules, and instead will apply the Federal Rules of Civil Procedure as required under Fed. R. Civ. P. 81(c).

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). On a motion to dismiss, the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662. 679 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 662 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 , 570 (2007)). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**A.   Slander of Title Claim**

Plaintiffs assert a claim for slander of title in connection with the Notice of Default and Notice of Trustee's Sale. Dkt. 4 at 11. Slander of title requires: (1) a false statement,

1 (2) made with malice, (3) about appending property sale or purchase, (4) that defeats

2 plaintiff's title, and (5) causes pecuniary loss. *Brown v. Safeway Stores, Inc.*, 94 Wn.2d

3 359, 375 (1980).

4 First, the Court notes that no foreclosure sale has actually taken place with regard

5 to Plaintiffs' property and furthermore that there is no pending sale since the date of the

6 sale set forth in the Notice of Trustee's Sale has passed. Accordingly, Plaintiffs have

7 failed to allege facts showing there is a "pending sale" for purposes of bringing their

8 slander of title claim. Moreover, even if the Court found that Plaintiffs alleged falsity

9 with respect to the Notice of Default and Notice of Trustee's Sale, the Court finds that

10 Plaintiffs cannot meet the element of malicious publication. *Id*. ("Malice is not present

11 where the allegedly slanderous statements were made in good faith and were prompted

12 by a reasonable belief in their veracity"). Accordingly, the Court concludes that

13 Plaintiffs' slander of title claim must be dismissed.

14 **B.     Breach of the Covenant of Good Faith and Fair Dealing Claim**

15 Although Plaintiffs term their second cause of action as a "Breach of Contract,"

16 Plaintiffs fail to allege facts suggesting Defendants breached any contract term. In fact,

17 Plaintiffs do not contend that any express term in the loan agreement requires Defendants

18 to consider their loan modification requests. Nor do they argue that Defendants were

19 under any obligation to modify the agreement. Rather, Plaintiffs' "breach of contract"

20 claim alleges Chase failed to negotiate with Plaintiffs in good faith while their loan

21 modification and short sale applications were pending. Dkt. 4 at 12. The covenant of

22 good faith and fair dealing is not as broad as Plaintiffs suggest.

Under Washington law, "in nearly every contract there is an implied covenant of good faith and fair dealing" which "requires mutual cooperation so that each party may enjoy the full benefit of performance." *Edmonson v. Popchoi*, 155 Wn. App. 376 (2010). The duty of good faith and fair dealing does not extend to obligate a party to accept a material change in the terms of its contract. *Betchard-Clayton, Inc. v. King*, 41 Wn. App. 887, 890, *review denied*, 104 Wn.2d 1027 (1985). Nor does it "inject substantive terms into the parties' contract." *Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991). Rather, it requires only that the parties perform in good faith the obligations imposed by their agreement. *Barrett v. Weyerhaeuser Co. Severance Pay Plan*, 40 Wn. App. 630, 635 n. 6 (1985). Thus, the duty arises only in connection with terms agreed to by the parties. *Badgett*, 116 Wn.2d at 569. Because Plaintiffs fail to allege that Defendants were bound by a specific contract term that obligates Defendants to affirmatively cooperate in Plaintiffs' efforts to restructure the loan agreement, the Court must grant Defendants' motion to dismiss this claim.

**C.     CPA Claim**

Plaintiffs allege that Defendants engaged in a deceptive act in violation of the CPA, RCW 19.86, *et. seq.*, when they denied Plaintiffs' requests for a loan modification or short sale. Dkt. 4 at 14. The elements of a CPA claim are: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) causes injury to the plaintiff's business or property, and (5) that injury is causally linked to the unfair or deceptive practice. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

Whether the undisputed conduct constitutes an unfair or deceptive act can be decided by this court as a question of law. *Indoor Billboard Wash., Inc. v. Integra Telecom of Wash.*, 162 Wn.2d 59, 74 (2007). Plaintiffs can establish this element in two ways. They may show either that an act or practice "has a capacity to deceive a substantial portion of the public," or that "the alleged act constitutes a per se unfair trade practice." *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 344 (1989). Plaintiffs have failed to allege a per se unfair trade practice because such an allegation requires a showing of conduct in violation of a statute. *See Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1112. Similarly, Plaintiffs have failed to allege facts that would show Defendants' act or practice has the capacity to deceive a substantial portion of the public. Rather, Plaintiffs only allege that Defendants denied their individual requests for a loan modification or short sale. To infer this act had the capacity to deceive a substantial portion of the public is unreasonable. Because Plaintiffs have failed to allege a prima facie CPA claim, the Court grants Defendants' motion to dismiss that claim.

**D.   Remedies**

When a court dismisses a complaint under 12(b)(6), it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

ORDER - 6

While Defendants' opening brief failed to request dismissal with prejudice, they do assert in their reply brief that any amendment would be futile (Dkt. 15 at 12) and therefore should be dismissed with prejudice. However, to dismiss the claims with prejudice would violate due process because Plaintiffs did not have the opportunity to address Defendants' argument. Therefore, Plaintiffs are granted leave to amend their complaint because the Court is unable to conclude that any amendment would be futile. Plaintiffs may only add factual allegations to support existing claims. The Court may strike, sua sponte, any additional claims or factual matter in the amended complaint.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss is **GRANTED** with leave to amend. Plaintiffs may file an amended complaint no later than May 13, 2013.

Dated this 29th day of April, 2013.

BENJAMIN H. SETTLE
United States District Judge